UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRI TAYLOR,

    Plaintiff,                              No. 17-13354

v.                                      District Judge Linda V. Parker
                                          Magistrate Judge R. Steven Whalen

THAI SUMMIT AMERICA
CORPORATION, ET AL.,

    Defendants.
_____/

**ORDER**

       Before the Court is Plaintiff's Motion to Extend Discovery Cutoff and Compel Discovery [Doc. #17]. The Motion will be decided on the written briefs, without oral hearing, L.R. 7.1(f)(2), and will be DENIED.

       First, F.R.Civ.P. 37(a)(2)(B) requires that in a motion to compel discovery, "[t]he motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court action." Likewise, E.D. Mich. L.R. 7.1 requires a moving party to seek concurrence before filing a motion in this Court. If concurrence is not obtained, L.R. 7.1(a)(2) requires that the motion state that "there was a conference between attorneys or unrepresented parties in which the movant explained the nature of the motion and its legal basis and requested but did not obtain concurrence in the relief sought," or "despite reasonable efforts specified in the motion, the movant was unable to conduct a conference."

Plaintiff's motion contains no such certifications, and is therefore not compliant with either F.R.Civ.P. 37(a)(2)(B) or L.R. 7.1(a)(2). Plaintiff's motion may be denied on this basis alone. *See Haithcox v. Greiner*, 2009 WL 1110804 (E.D. Mich. 2009)(Whalen, M.J.). As I stated in *Haithcox*, "'It is not up to the Court to expend its energies when the parties have not sufficiently expended their own.'" *Id*. at *1, quoting *Hasbro, Inc. v. Sarafino*, 168 F.R.D. 99, 101 (D. Mass. 1996).

In addition, Plaintiff's motion fails on its merits, both as to the request for an extension of discovery and the request to compel production. Regarding the request to extend discovery, the Court may modify a scheduling order "only for good cause." Fed.R.Civ.P. 16(b)(4). Plaintiff has not shown good cause. Discovery closes on August 15, 2018. Plaintiff states that he need to take six or seven additional depositions. In its sur-reply, Defendants state that they have in fact provided dates for the deposition of six witnesses during the month of July, 2018, and can schedule depositions going into August if necessary. This gives Plaintiff sufficient time to complete its depositions before the current discovery cut-off date. Plaintiff vaguely suggests the possible need for "additional discovery" following the depositions, but does not attempt to describe with any specificity what that discovery might entail. *See Shane v. Bunzi Distribution USA, Inc.*, 200 Fed.Appx. 397, 407 (6th Cir. 2006)("Because [plaintiff] has not adequately supported his assertions that additional discovery was likely to produce evidence relevant to his various claims, the district court did not abuse its discretion in denying his motion for extended discovery."). Plaintiff has not shown good cause to extend discovery.

Finally, reviewing the exhibits submitted in Defendants' response [Doc. #20] and

sur-reply [Doc. #24], including their supplemental response in Exhibit C to the sur-reply[1], I am satisfied that they have now responded to Plaintiff's interrogatories and document requests, and I accept their representation that they "have conducted multiple searches with the decisionmakers and Ms. Giannone and have found no communications among any of them relating to Ms. Taylor's termination aprat from possibly communications with counsel, and thus are withholding nothing in this vein with respect to Request No. 15." *Id*.

Over a month remains before discovery closes. Deposition have been scheduled within the discovery period. Defendants have produced a large volume of relevant documents, but discovery is still open, and Plaintiff has the opportunity pursue additional discovery. Plaintiff's Motion to Extend Discovery Cutoff and Compel Discovery [Doc. #17] is DENIED.

IT IS SO ORDERED.

Dated: July 12, 2018                     s/R. Steven Whalen
                                         R. STEVEN WHALEN
                                         UNITED STATES MAGISTRATE
                                         JUDGE

---

[1] I also agree that the proper time frame for requests for emails is February 1, 2016 to the date of Plaintiff's termination. She took her leave in February, 2016, and emails going back as far as 2014 would have little if any relevance, balanced against the burden on Defendants of production.

**CERTIFICATE OF SERVICE**

     I hereby certify on July 12, 2018 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to non-registered ECF participants on July 12, 2018.

                                             s/Carolyn M. Ciesla
                                             Case Manager for the
                                             Honorable R. Steven Whalen